RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

TY HALASZ
RICK WATSON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044
Tel. (202) 307-6484 (Halasz)
Tel. (202) 353-0300 (Watson)
Ty.Halasz@usdoj.gov
Rickey.Watson@usdoj.gov

*Of Counsel*
JOHN W. HUBER, No. 7226
United States Attorney

*Attorneys for the United States of America*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>*v.* )<br><br>BRYAN KEITH HAWKER, )<br><br>Defendant. )<br>‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ ) | Case No. 2:19-CV-0836-TS<br><br>**COMPLAINT** |

1

The Plaintiff, the United States of America, brings this action to collect from the defendant unpaid outstanding federal penalty assessments and interest as provided by law, and to reduce those assessments to judgment.  Additionally, the United States intends to proceed under the Federal Debt Collection Practices Act (28 U.S.C. § 3001 *et seq.*) to collect any judgment it obtains in this case, including the use of all appropriate pre-judgment remedies, post-judgment remedies, and the additional surcharge as authorized by 28 U.S.C. § 3011.  In support of this action, the United States complains and alleges as follows:

1.     This is a civil action timely brought by the United States to collect an unpaid civil penalty, commonly known as an FBAR penalty, imposed on Bryan Hawker for his failure to report his interest in a foreign investment account as required by 31 U.S.C. § 5314 and the implementing regulations promulgated thereunder.

2.     The United States commences this action pursuant to 31 U.S.C. § 3711 at the direction of the Attorney General of the United States, with the authorization and at the request of the Secretary of the Treasury, acting through his delegate, the Area Counsel of the Internal Revenue Service (IRS).

## DEFENDANT

3.      Defendant Bryan Keith Hawker has been assessed a civil penalty for the year 2012.  Mr. Hawker incurred this penalty while residing within this District.  Mr. Hawker's last known address is in West Jordan, Utah.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355.

5.      In accordance with 28 U.S.C. §§ 1391 and 1395, venue is proper in the District of Utah because Mr. Hawker resides within this District.

## BACKGROUND

6.      31 U.S.C. § 5314 authorizes the Secretary of the Treasury to require a person to keep records and file reports when that person maintains relations with a foreign financial agency.  Under the statute's implementing regulations, each "United States person having a financial interest in, or signature authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the IRS for each year in which such relationship exists.  31 C.F.R. § 1010.350(a).

7.      To fulfill this requirement, a person must file Form TD F 90-22.1, Report of Financial Bank and Financial Accounts, commonly known as an

"FBAR".  For the period at issue in this case, an FBAR was due by "June 30 of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year."  31 C.F.R. § 1010.306(c).

8.      31 U.S.C. § 5321(a)(5) provides for the imposition of civil penalties for failure to comply with the reporting requirements of 31 U.S.C. § 5314.

9.      Mr. Hawker had a financial interest in a foreign investment account with an account number ending in 94 with Seven Mile Securities (the Account) during the calendar year 2012, as described below.

10.      During a portion of 2012, the aggregate amount in the Account exceeded $10,000 in U.S. currency.

11.      Mr. Hawker was required by law to file, by June 30, 2013, an FBAR reporting his financial interest in the Account for 2012, as well as any other year that satisfied the FBAR reporting requirements.

12.      Mr. Hawker did not timely file an FBAR reporting his financial interest in the Account for 2012.

## WILLFUL FAILURE TO FILE FBAR

13.      For the willful failure to file an FBAR, 31 U.S.C. § 5321(a)(5)(C) permits a penalty of the greater of $100,000 or 50 percent of the balance of the account at the time of the violation.

4

14.     Mr. Hawker is an experienced businessman, having successfully helped multiple private companies go public during the relevant time period.

15.     Mr. Hawker was subject to civil income tax examinations of his federal tax liabilities for tax years 2008 to 2013.

16.     During the years under examination, Mr. Hawker used nominees to conceal his interest in various businesses that he, in fact, controlled.

17.     During tax years 2012 and 2013, Mr. Hawker structured business transactions to make it appear as if he did not have any interest in numerous businesses, but he received the proceeds from sales of interests in such entities.

18.     Mr. Hawker did not timely file federal income tax returns for tax years 2012 and 2013.  During the civil examination, the IRS learned that he had an interest in the Account, located in the Cayman Islands, during the calendar year 2012.

19.     The Account was opened with Seven Mile Securities before August 2012 by Mr. Hawker or on his behalf under the name BK Consulting Inc.

20.     At some point before August 2012, Mr. Hawker caused BK Consulting Inc. to acquire 7,000,000 shares of Zippy Bags Inc. stock and place them in the Account.

21.    On August 1, 2012, the Zippy Bags Inc. shares in the Account were trading at $0.38 per share.

22.    On August 9, 2012, Seven Mile Securities sold 47,689 shares of Zippy Bags Inc. stock at $0.3813 per share and wired proceeds of $17,600 to Mr. Hawker's wife at the time, Pauline J. Carson a/k/a Hawker.

23.    On August 17, 2012, an additional 200,000 shares of Zippy Bags Inc. stock were sold and proceeds of $42,600 were remitted to Ms. Carson.

24.    On September 4, 2012, approximately 4,500,000 shares of Zippy Bags Inc. stock were transferred out of the Account, but 2,225,000 of these shares were transferred back into the Account on September 11, 2012.

25.    On January 15, 2013, all of the remaining Zippy Bags Inc. stock — 4,472,140 shares at that point — was transferred out of the Account.

26.    On June 30, 2013, the due date for filing of the FBAR for the calendar year 2012, the Account held no assets.

27.    During the calendar year 2012, Mr. Hawker was the sole shareholder of BK Consulting Inc.

28.    Mr. Hawker communicated with Seven Mile Securities about the Account and its activity through Ms. Carson.

29.     In email correspondence regarding the Account obtained by the IRS in 2015, transactions relating to the Account were purportedly conducted by Ms. Carson.

30.     During 2012, Mr. Hawker was involved with and aware of the Account, and that Ms. Carson acted, at least in part, on Mr. Hawker's behalf.

31.     Mr. Hawker filed an untimely FBAR for 2012 on September 16, 2015.

32.     In the untimely filed FBAR, Mr. Hawker admitted that he had an interest in the Account.

33.     Before the IRS Office of Appeals in 2018, Mr. Hawker submitted email correspondence between Ms. Carson and Seven Mile Securities.

34.     Such email correspondence had identical timestamps and the same appearance as the emails obtained by the IRS in 2015, but the content of the emails was entirely different.

35.     Mr. Hawker falsified the emails he submitted to the IRS to make it appear as if neither he nor Ms. Carson were aware of or authorized the Account's opening.

36.     Mr. Hawker falsified the emails he submitted to the IRS to make it appear as if he and Ms. Carson were generally bewildered by their connection to the Account.

37.     In a 2014 interview with the IRS, Mr. Hawker refused to answer any questions relating to BK Consulting Inc., its stock ownership, or foreign accounts.

38.     In a 2015 interview with the IRS, Mr. Hawker admitted that he intentionally avoided questions about BK Consulting Inc. and the Account in the 2014 interview.

39.     Mr. Hawker did not cooperate during the IRS' examination.

40.     Mr. Hawker's failure to file an FBAR was willful, permitting the Secretary of the Treasury to assess a penalty under 31 U.S.C. § 5321(a)(5)(C).

## CLAIM FOR RELIEF: REDUCE TO JUDGMENT FBAR PENALTY ASSESSED AGAINST MR. HAWKER

41.     The United States incorporates the allegations stated in Paragraphs 1 through 40 as if fully stated here.

42.     During the calendar year 2012, Mr. Hawker was a United States person within the meaning of 31 C.F.R. § 1010.350(b).

43.     During the calendar year 2012, Mr. Hawker had a financial interest in the Account within the meaning of 31 C.F.R. § 1010.350(e).

44.     The Account was an investment account in a foreign country.

45.     During some portion of 2012, the Account's aggregate balance exceeded $10,000.

46.     In an untimely filed FBAR for 2012, Mr. Hawker admitted that he had an interest in the Account.

47.     Mr. Hawker was required to file an FBAR for the calendar year 2012 by June 30, 2013, and did not file an FBAR for the calendar year 2012 by June 30, 2013.

48.     Mr. Hawker's failure to file an FBAR for 2012 was willful within the meaning of 31 U.S.C § 5321(a)(5).

49.     On June 27, 2018, a delegate of the Secretary of the Treasury made an assessment against Mr. Hawker for the year 2012 in the amount of $100,000.

50.     On June 29, 2018, a delegate of the Secretary of the Treasury gave notice of the assessment to Mr. Hawker and made demand for payment.

51.     Despite such notice and demand, Mr. Hawker has neglected or refused to make payments toward the assessment.

52.     In addition to the FBAR penalty, Mr. Hawker owes a late-payment penalty pursuant to 31 U.S.C. § 3717(e)(2), interest pursuant to 31 U.S.C. § 3717(a), and applicable collection related fees pursuant to 31 U.S.C. § 3717(e)(1).

53.     As of May 25, 2019, the total amount due is $106,367.12 inclusive of a late payment penalty of $5,457.53 and interest of $909.59.  This balance remains

outstanding and continues to accrue unassessed interest and other statutory additions.

54.     The United States is entitled to a judgment against Mr. Hawker in the amount of $106,367.12 as of May 25, 2019, plus interest and statutory accruals as provided by law from that date until fully paid.

### REQUEST FOR RELIEF

WHEREFORE, the United States respectfully requests the following relief:

A.      Judgment in favor of the United States and against Bryan Hawker for his unpaid civil penalty in the amount of $106,367.12 as of May 29, 2019, plus interest and other statutory accruals from that date until fully paid; and

B.      An order granting the United States its costs in bringing this action, and for such other relief as the Court deems just.

//

//

//

Respectfully submitted this 29th day of October, 2019.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney
General

*/s/ Ty Halasz*
TY HALASZ
RICK WATSON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044
Tel. (202) 307-6484 (Halasz)
Tel. (202) 353-0300 (Watson)
Ty.Halasz@usdoj.gov
Rickey.Watson@usdoj.gov

*Of Counsel*
JOHN W. HUBER, No. 7226
United States Attorney
District of Utah

*Attorneys for the United States*