IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>BRYAN KEITH HAWKER,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br><br>Case No. 2:19-CV-836 TS<br><br>District Judge Ted Stewart |

　　　　This matter is before the Court on Plaintiff's Motion for Summary Judgment. For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

　　　　The United States brought this action "to collect an unpaid civil penalty, commonly known as an FBAR penalty, imposed on Bryan Hawker for his failure to report his interest in a foreign investment account."[1] On June 2, 2020, the United States served Requests for Admission on Defendant. Defendant failed to respond within the time prescribed and, therefore, those matters are admitted.[2] As such, they are "conclusively established."[3]

　　　　Based upon those admissions, the following facts are undisputed. Defendant is a United States citizen. Defendant had a financial interest in a financial account based in the Cayman Islands. The account was used to hold securities. During a portion of calendar year 2012, the

---

[1] Docket No. 2 ¶ 1.

[2] FED. R. CIV. P. 36(a)(3).

[3] FED. R. CIV. P. 36(b).

value of the securities held in the account exceeded $10,000 in U.S. currency. As of July 1, 2013, Defendant failed to disclose the account. Defendant's failure to report was done willfully.

The United States filed this Motion on September 14, 2020. Defendant, then proceeding pro se, requested and received two extensions to respond, making his response due by December 17, 2020. Counsel appeared for Defendant on that date. However, neither Defendant nor his counsel have responded to the Motion or requested additional time to do so. Therefore, the Motion is ripe for decision.

## II. SUMMARY JUDGMENT STANDARD

Generally, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] In considering whether a genuine dispute of material fact exists, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[5] The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[6]

This standard is somewhat modified in an unopposed motion for summary judgment. As a preliminary note, it is improper for the Court to grant summary judgment simply because it is unopposed.[7] Instead, the Court must "examin[e] the moving party's submission to determine if

---

[4] FED. R. CIV. P. 56(a).

[5] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[6] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Sw. Bell Tel. Co.*, 925 F.2d 1288, 1292 (10th Cir. 1991).

[7] *See Reed v. Bennett*, 312 F.3d 1190, 1194–95 (10th Cir. 2002); *United States v. Dawes*, 344 F. Supp. 2d 715, 718 (D. Kan. 2004); DUCivR 7-1(d); DUCivR 56-1(f).

it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law."[8] In doing so, the Court may consider any properly stated facts as "undisputed for purposes of the motion."[9] Further, facts deemed admitted through a failure to respond to a request for admission may support a motion for summary judgment.[10]

### III. DISCUSSION

31 U.S.C. § 5314(a) authorizes the Secretary of the Treasury to require that U.S. citizens report when they "make[ ] a transaction or maintain[ ] a relation for any person with a foreign financial agency." The implementing regulations require that individuals "having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship . . . for each year in which such relationship exists."[11] That report is on Form TD F 90-22.1, Report of Financial Bank and Finance Accounts, commonly referred to as FBAR. That FBAR report is due "on or before June 30 of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year."[12] The Secretary may impose penalties upon taxpayers who violate this

---

[8] *Reed*, 312 F.3d at 1195.

[9] *See* FED. R. CIV. P. 56(e)(2).

[10] FED. R. CIV. P. 56(c)(1)(A); *H. B. Zachry Co. v. O'Brien*, 378 F.2d 423, 425 (10th Cir. 1967); *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir. 1966).

[11] 31 C.F.R. § 1010.350(a).

[12] *Id.* § 1010.306(c).

requirement.[13]  For those who "willfully" violated § 5314, the penalty is the greater of $100,000 or 50% of the balance in the account at the time of the violation.[14]

In order to prevail, the United States must prove the following elements: (1) Defendant was a citizen of the United States, or a resident or a person doing business in the United States during 2012; (2) Defendant had a financial interest in, or signatory or other authority over, a bank, securities or other financial account during 2012; (3) the account had a balance that exceeded $10,000 during 2012; (4) the account was in a foreign country; (5) Defendant failed to timely disclose the account by June 30, 2013; (6) the failure to report the account was willful; and (7) the amounts of the penalties were proper.[15]

The undisputed facts, as established by Defendant's failure to respond to Plaintiff's request for admissions, established all of these elements.  Defendant has failed to respond to this Motion and, therefore, has not provided evidence of a genuine dispute of material fact.  Therefore, Plaintiff is entitled to judgment as a matter of law.

## IV.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 11) is GRANTED.  Defendant is subject to a penalty of $100,000 plus all statutory additions and accruals, less payments and credits.

---

[13] 31 U.S.C. § 5321(a)(5).

[14] *Id.* § 5321(a)(5)(C), (D)(ii).

[15] *United States v. McBride*, 908 F. Supp. 2d 1186, 1201 (D. Utah 2012).

4

DATED this 28th day of January, 2021.

BY THE COURT:

_____
Ted Stewart
United States District Judge